NOS. 07-07-0104-CR; 07-07-0105-CR
07-07-0106-CR; 07-07-0107-CR; 07-07-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 24, 2009
_____

ALFONSO DEMETRIO RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 17772-C, 17773-C, 17774-C, 17829-C, 18159-C;

HONORABLE DAVID GLEASON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Alfonso Rodriguez appeals his convictions in five cases for kidnapping, assaulting a public servant, unauthorized use of a motor vehicle, abandoning or endangering a child, and criminal mischief on the ground he was denied effective assistance of counsel at trial. We affirm the trial court's judgments.

Background

With appellant's agreement, his five cases were consolidated for trial and trial was to the court. Also by agreement, the guilt-innocence and punishment phases of trial were not bifurcated. The State made no plea bargain offer. The indictments in the cases alleging kidnapping, abandoning or endangering a child, and assaulting a public servant contained an enhancement paragraph alleging a prior conviction for robbery.

At the beginning of trial, appellant plead guilty in the cases alleging abandonment or endangering a child, unauthorized use of a motor vehicle, and criminal mischief. In the case alleging abandoning or endangering a child, appellant plead true to the enhancement paragraph. Appellant entered pleas of not guilty in the cases alleging kidnapping and assaulting a public servant.[1]

On the second day of trial, as the State continued presentation of its case in chief, appellant notified the court that he wished to change his pleas to guilty in the two contested cases. The court admonished appellant of the effect of his decision and accepted his guilty pleas. The State then resumed presentation of its case.

After both sides rested and closed the court found appellant guilty in each case and assessed the following punishments: (1) ninety-nine years in prison for abandoning a child; (2) twenty years in prison for kidnapping; (3) fifteen months in state jail for unauthorized use of a motor vehicle; (4) twelve years in prison for assaulting a public servant; and (5)

---

[1] The trial court later accepted appellant's plea of true to the enhancement paragraphs in the indictments in the two contested cases.

2

two years in state jail and a $10,000 fine for criminal mischief. The court ordered appellant's sentence for criminal mischief to be served after his four other sentences, which it ordered to run concurrently. Appellant did not file motions for new trial but timely perfected appeals of each case and received the trial court's certifications to appeal.

## Issues

Through two issues, appellant asserts his trial counsel rendered ineffective assistance because he did not: (1) require the State prove the allegation of the enhancement paragraph contained in three of the indictments and (2) offer evidence in mitigation of punishment.

## Discussion

The adequacy of defense counsel's assistance is based on the totality of the representation rather than isolated acts or omissions. *Thompson v. State,* 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is judged by hindsight. *Robertson v. State,* 187 S.W.3d 475, 483 (Tex.Crim.App. 2006).

*Strickland v. Washington* is the seminal case setting forth the standard for ineffective assistance of counsel claims under the United States Constitution. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court in *Strickland* established a two-pronged test for analyzing a claim of ineffective assistance of counsel. Reversal requires

3

an appellant demonstrate (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant. 466 U.S. at 687, 104 S.Ct. at 2064. *See also Hernandez v. State*, 726 S.W.2d 53, 54-55 (Tex.Crim. App. 1986) (applying *Strickland* standard under Texas constitution).

The first prong of the *Strickland* test requires an appellant prove that counsel made such serious errors that he did not function as the "counsel" guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2064. Appellant must show that counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound trial strategy. 466 U.S. at 689-90, 104 S.Ct. at 2065-66. The second *Strickland* prong requires an appellant "show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). "Reasonable probability" means probability of a degree sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

An appellant bears the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Mitchell,* 68 S.W.3d at 642. Our review of counsel's performance is highly deferential and a strong presumption exists that counsel's conduct fell within a wide range of reasonable professional assistance. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex.Crim.App. 2001); *see Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (noting there are countless ways to provide effective assistance in any given case). To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness

4

must be firmly rooted in the record. *Thompson,* 9 S.W.3d at 813-14. In the majority of cases, the record on direct appeal is inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance; thus, the better course is to pursue the claim in habeas proceedings. *Mitchell,* 68 S.W.3d at 642. Absent evidence of counsel's reasons for the challenged conduct, we will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it. *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App. 2001).

We turn first to appellant's claim that counsel was ineffective by not requiring the State to prove the enhancement paragraph's allegation that he was convicted of robbery in Lubbock County in January 2000. We find the claim without merit.

Appellant plead "true" to the enhancement paragraph, and persisted in his plea after the trial court's admonitions concerning the effects of his plea. He points to no place in the record showing that his lawyer was responsible for his decision to plead true. His brief refers to his incomplete formal education,[2] and asserts that he deferred to his lawyer's advice regarding trial strategy. But nothing in the record shows what his lawyer advised appellant with regard to his plea to the enhancement allegation. For that reason alone, his claim thus cannot be "firmly rooted in the record." *Thompson,* 9 S.W.3d at 813-14.

---

[2] Appellant was twenty years old at the time of his trial, and told the court he had completed only the sixth grade.

Moreover, even if we assume his lawyer was responsible for the decision to plead true, appellant points to nothing in the record suggesting the outcome of his trial would have been different had he required the State to prove his Lubbock County robbery conviction.

In support of his argument under this issue, appellant directs us to *Lyons v. McCotter,* 770 F.2d 529 (5th Cir. 1985), a federal habeas proceeding in which the petitioner successfully argued his Texas state court trial counsel rendered ineffective assistance during his trial for aggravated robbery. The Fifth Circuit's opinion says the State's evidence against Lyons was "far from overwhelming." 770 F.2d at 533 n.5. During the guilt-innocence phase of trial, his counsel allowed evidence that Lyons had previously been convicted of robbery and later paroled to be admitted without objection, and failed to request an instruction limiting the jury's consideration of that evidence. *Id*. at 534. The appellate court found that the evidence would have been excluded on proper objection. *Id*. In that circumstance, the court thus concluded counsel's failure to object had no strategic value and undermined the reliability of Lyons' conviction. *Id.*

It can readily be seen that the circumstance in *Lyons* bears little resemblance to appellant's. Here, appellant plead guilty in each case and admitted the truth of the enhancement offense on questioning by the trial court. Appellant does not contend that evidence of the enhancement conviction would have been excludible had he plead "not true" and his counsel objected to the evidence. *Lyons* does not assist appellant. We overrule his first issue.

In his second issue, appellant complains that his trial counsel failed to offer evidence in mitigation of punishment. The record shows that after the State rested appellant's counsel requested and received a fifteen minute recess during which he and appellant conferred. When trial resumed counsel announced appellant rested because appellant chose not to testify and the defense would have no witnesses. The record does not tell what, if any, mitigation evidence appellant possessed and why counsel chose not to present this evidence if it existed. We will not speculate on the question, for, again, a claim of ineffective assistance is "not built on retrospective speculation; [it] must be 'firmly founded in the record.'" *Bone v. State,* 77 S.W.3d at 828, 835 (Tex.Crim.App. 2002). And the record must affirmatively demonstrate the ineffectiveness. *Thompson,* 9 S.W.3d at 813-14. The record here does not establish that counsel's actions with regard to the presentation of mitigating evidence were ineffective. *Cf. Thompson,* 9 S.W.3d at 814 n.6 ("in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*"). Without record evidence of what, if any, mitigating evidence was available to appellant and counsel's reasons for not offering such evidence as existed, appellant is unable to overcome the presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

Relying on *Ex parte Gonzales,* 204 S.W.3d 391 (Tex.Crim.App. 2006), appellant argues his counsel was required to "make a minimal attempt to present" evidence in mitigation of punishment. As the State points out, *Gonzales* was a habeas corpus proceeding following the applicant's conviction of capital murder and sentence of death. *Id*. at 393. Important to this discussion, the court in *Gonzales* was reviewing a well-

7

developed habeas record describing potential mitigation evidence as well as trial counsel's statement that his failure to investigate the described evidence was not strategic. *Id.* at 394-96. The court's reference in *Gonzales* to facts developed in the habeas proceeding underscores why direct appeal ordinarily does not present a record sufficient for a proper *Strickland* review. For that reason, *Gonzales* actually supports our conclusion appellant's second issue also must be overruled, and we do so.

## Conclusion

Having overruled appellant's two issues, we affirm the five judgments of the trial court appellant challenged by this appeal.


James T. Campbell
Justice


Publish.