COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




EX PARTE: RODOLFO WONG.

§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00003-CR



Appeal from the

 

384th Impact Court


of El Paso County, Texas 


(TC# 990D02270-384I-1) 


O P I N I O N


 This appeal stems from the trial court's denial of Appellant's post-conviction application for
writ of habeas corpus. In three issues, Appellant contends that the trial court erred by: (1) failing
to issue appropriate findings of facts in accordance with Article 11.072 of the Code of Criminal
Procedure; (2) finding that his trial counsel rendered effective assistance in advising him to plead
guilty; and (3) determining that his plea was voluntarily and knowingly made. For the reasons stated
below, we overrule Appellant's contentions and affirm the judgment of the trial court.

FACTUAL SUMMARY

 On May 17, 1999, Albert Aguilar went to the police station to report that he was the victim
of an armed robbery by Appellant and Sonia Muro. El Paso Officers R. Trejo and J. Nevarez went
to Appellant's house, met with him outside, and asked for identification. Appellant told the officers
his identification was inside the house and consented to the officers' entry into his residence. 
Appellant led the officers to his bedroom and consented to a search for a black handgun and
Aguilar's identification cards. In plain view on Appellant's dresser, the officers observed a plastic
bag containing cocaine.

PROCEDURAL BACKGROUND

 Appellant was indicted for the state-jail-felony offense of possession of cocaine of less than
one gram. Appellant waived his right to a jury trial and entered a negotiated plea of guilty. In
exchange for his plea of guilty, the State agreed to reduce the offense to a Class A misdemeanor
pursuant to Section 12.44(b) of the Texas Penal Code and to deferred adjudication for a period of
two years with certain terms and conditions of probation. On January 26, 2000, the trial court
accepted Appellant's plea and sentenced him in accordance with the plea agreement. Appellant did
not appeal from the original judgment placing him on deferred adjudication, but instead filed his
post-conviction application for writ of habeas corpus on September 17, 2007. The trial court denied
relief without an evidentiary hearing and issued written findings of fact and conclusions of law.

TRIAL COURT'S FINDINGS OF FACT

 In his first issue, Appellant contends that the trial court's factual findings were essentially
conclusions of law, which deprived him "of his right under article 11.072 to an order [that] set out
appropriate and necessary 'findings of fact.'" (1) We need not reach the merits of this issue as
Appellant wholly failed to brief his contention. Other than his conclusory allegation, Appellant has
not identified why the findings of fact were objectionable or provided any explanation as to why
those findings were conclusions of law rather than factual recitations. He has not supported his
contention with any legal analysis, nor provided us with authority addressing arguments identical
or analogous to that uttered at bar. Thus, we find that Appellant has waived his complaint based on
inadequate briefing, and therefore nothing is presented for our review. See Tex. R. App. P. 38.1(h);
Green v. State, 682 S.W.2d 271, 293 (Tex. Crim. App. 1984) (complaint inadequately briefed where
appellant failed to show where in the record the alleged leading questions occurred and state what
questions he alleges were leading). Appellant's first issue is overruled.

INEFFECTIVE ASSISTANCE OF COUNSEL

 Appellant's final two issues complain of trial counsel's effectiveness. Issue Two alleges 
counsel was ineffective for advising Appellant to plead guilty, and Issue Three contends that
Appellant's plea was not knowingly made because trial counsel failed to apprise him of important
facts and the law applicable to the case. We find both contentions to be without merit.

 The standard for determining claims of ineffective assistance of counsel under the Sixth
Amendment is the two-step analysis adopted by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 988
S.W.2d 770, 771-72 (Tex. Crim. App. 1999). Under the first prong, the defendant must show that
counsel's performance was deficient to the extent that counsel failed to function as "counsel"
guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). Under the second prong, the defendant must establish that counsel's deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Jackson, 877 S.W.2d at 771. 
Prejudice is established by a showing that there is a reasonable probability that but for counsel's
unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.

 We indulge a strong presumption that counsel's strategy was sound and fell within the wide
range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. 
Therefore, allegations of ineffectiveness must be firmly founded in the record. Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We will not speculate to find trial counsel ineffective
when the record is silent on counsel's reasoning or strategy. Robinson v. State, 16 S.W.3d 808, 813
n.7 (Tex. Crim. App. 2000).

 In a habeas corpus proceeding under Article 11.072, the applicant bears the burden to prove
his claims by a preponderance of the evidence. See State v. Webb, 244 S.W.3d 543, 547 (Tex. App.-
Houston [1st Dist.] 2007, no pet.). We review the habeas court's ruling under the abuse-of-discretion standard. Id. We consider the evidence in the light most favorable to the ruling and afford
almost total deference to the court's determination of historical facts, particularly where the factual
findings are based on an evaluation of credibility and demeanor. Id. Legal questions are subject to
de novo review. Id.

 Appellant contends counsel was ineffective for advising him to plead guilty when the State
lacked sufficient evidence to link him to the cocaine found in his bedroom, and that his plea was not
knowing since counsel did not apprise him that Muro believed Aguilar planted the cocaine, that the
amount of cocaine seized was .11 grams, or that he would be unsuccessful at trial and could expect
a sentence of two years' confinement. Other than his uncorroborated allegations, nothing
substantiates Appellant's contentions that counsel behaved in the manner alleged. Appellant did not
obtain an affidavit from trial counsel, and the trial court determined that there was nothing in the
habeas corpus record showing counsel advised Appellant to plead guilty or failed to fully apprise
Appellant of the facts and law applicable to his case. Absent evidence supporting Appellant's
claims, we decline to find counsel engaged in the conduct alleged. See Rylander v. State, 101
S.W.3d 107, 111 (Tex. Crim. App. 2003) (noting that "trial counsel should ordinarily be afforded
an opportunity to explain his actions before being denounced as ineffective"); Arreola v. State, 207
S.W.3d 387, 393 (Tex. App.-Houston [1st Dist.] 2006, no pet.) ("Appellant's uncorroborated
testimony that he was misinformed by counsel does not meet his burden to show that his plea was
involuntary."); Rodriguez v. State, Nos. 07-07-0104-CR, 07-07-0105-CR, 07-07-0106-CR, 07-07-0107-CR, 07-07-0108-CR, -- S.W.3d --, 2009 WL 1815506, at *2 (Tex. App.-Amarillo June 24,
2009, no pet. h.) (not yet reported) (finding appellant's complaint of ineffectiveness not firmly
founded in the record when nothing showed counsel was responsible for his decision to plead true
to the enhancement paragraph). Therefore, viewing the evidence in the light most favorable to the
trial court's ruling and giving due deference to the court's determination of historical facts and
credibility, we find Appellant's uncorroborated allegations of ineffectiveness not firmly founded in
the record. See Thompson, 9 S.W.3d at 813 ("Any allegation of ineffectiveness must be firmly
founded in the record . . . ."). Accordingly, Appellant's second and third issues are overruled.

CONCLUSION

 Having overruled Appellant's three issues, we affirm the order of the trial court denying
habeas corpus relief.


 GUADALUPE RIVERA, Justice

September 30, 2009


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)
1. Article 11.072 provides that the court must enter written findings of fact and conclusions of law when
denying a non-frivolous writ application. See TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (Vernon 2005).