NO.
07-09-0351-CR

 

                                       IN THE COURT OF APPEALS

 

                           FOR THE SEVENTH DISTRICT OF TEXAS

 

                                                     AT AMARILLO

 

                                                          PANEL B

 

                                                FEBRUARY
4, 2010

                                ______________________________

 

 

                                 EX PARTE MIKEL PETER
EGGERT, 

 

Relator

                                ______________________________

 

             FROM THE 266TH DISTRICT COURT OF ERATH
COUNTY;

 

               NO. CR12110A; HON. DAVID CLEVELAND, PRESIDING

                                ______________________________

                                                                  

Memorandum
Opinion

                                ______________________________

 

Before QUINN, C.J., and CAMPBELL
and HANCOCK, JJ.

Relator Mikel Peter Eggert appeals pro
se from the denial of his application for writ of habeas corpus by
contending the trial court erred in failing to find that his appointed counsel
was ineffective during his trial for criminal conspiracy in fabricating
physical evidence and that his retained counsel was ineffective in prosecuting
his petition for discretionary review of that conviction.  We affirm the trial court=s
order.

Background








Relator
and his father Peter Helmuth Eggert,
neither of whom was licensed to practice law in Texas at the time, attempted to
assist Marcos Gallardo, who had previously pled guilty in a criminal case, from
being deported.  In doing so, they
contacted Jason Cashon, an assistant district
attorney in Erath County, for assistance and later contacted Leroy Gaitan, the former chief of police who had investigated
Gallardo=s crime.  They sought to have Gaitan
contact the mother of the complaining witness and obtain her and her daughter=s
signatures on affidavits which stated that Gallardo had not committed any offense.  During this time, an appeal of Gallardo=s
application for writ of habeas corpus was pending in the Eleventh Court of
Appeals. 

After an offer of assistance for a
fund raiser for Gaitan=s
campaign for constable and after receiving a check for $100 from Peter Eggert as well as the affidavits Eggert
sought to have executed, Gaitan contacted the
complainant=s mother.  Gaitan did not cash
the check and did not present the affidavits to the victim=s
mother but did tell her that Peter Eggert wanted to
speak to her and that there might be money available to her if she and her
daughter were to sign the affidavits. 
The mother met with Peter Eggert and relator and eventually contacted the Texas Rangers through
her attorney and turned the affidavits over to them.  Relator was
convicted of the charge of criminal conspiracy to fabricate physical
evidence.  

 Habeas Corpus Standard of Review

The
decision to deny an application for writ of habeas corpus lies within the trial
court=s discretion.  Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  In reviewing that decision, we examine the
record in the light most favorable to the trial court=s
ruling, id., and defer to findings of the trial court supported by the
record.  Ex parte
Wheeler, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006).   Moreover, the applicant has the burden to prove
his allegations by a preponderance of the evidence. Kniatt
v. State, 206 S.W.3d at 664.   








Ineffective Assistance of
Counsel -Trial

In his first six issues, relator asserts that his trial counsel was ineffective in
failing to 1) object to opinion testimony of the prosecutor/witness Jason Cashon about the ultimate issue of the case, 2) request an
instruction that Gaitan was an accomplice witness, 3)
interview witnesses, 4) investigate and adequately prepare for trial, and 5)
understand applicable criminal law.  Moreover,
he contends the totality of counsel=s
representation was ineffective.  

In making these claims, it was relator=s
obligation to prove that counsel was deficient and that the deficiency caused
prejudice.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,
80 L.Ed.2d 674 (1984); Smith v. State, 286 S.W.3d 333, 340 (Tex. Crim.
App. 2009).  Moreover, claims of
ineffective assistance must be firmly founded in the record.  Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). 
That record must be sufficient to illustrate that the alleged deficiency
was something other than reasonable trial strategy.  Garza v. State, 213
S.W.3d 338, 348 (Tex. Crim. App. 2007).

Prejudice








We address the last prong of the Strickland
test first.  Though relator
acknowledges in his brief that analyzing prejudice requires the examination of
counsel=s Aerrors
not as isolated incidents, but in the context of the overall record,@
he undertakes no such examination.  Instead,
his analysis consists of proffering such generalities as Athe
record before us undisputedly establishes >the
benchmark for judging any claim of ineffectiveness,=@
A>counsel=s
conduct so undermined the proper functioning of the adversarial process that
the trial cannot be relied on as having produced a just result,=@
Athe
totality of counsel=s constitutionally deficient
performance prejudiced his defense,@ and the
like.  Though such generalities may have
their place in argument they are neither evidence of
prejudice nor explanation developing prejudice. 
Nor is it our responsibility to fulfill the burden of showing prejudice
which authority clearly placed on him.   


Indeed, the phrase ipse dixit
best sums up what we have before us; we are to conclude that the supposed
errors are prejudicial merely because relator says
they are.  That, however, is not enough
to satisfy the second prong of Strickland.  We must follow the law and avoid concluding
that we are always right simply because we say we are.  That same obligation lies with relator.  He must
follow the law espoused in Strickland and prove prejudice.  Having not done so, each of his contentions
is overruled for that reason alone. 
Nonetheless, we will also address the substance of his claims.   

 Failure to
Object to Opinion Testimony 

First, relator
argues that his counsel permitted Jason Cashon to
testify as to his guilt on three separate occasions without objection.  However, in the first cited instance,
objection was made by counsel for relator=s
father[1]
and that objection was overruled.  In the
second cited instance, the witness was asked whether another attorney was
involved in procuring phony affidavits to which he replied that, in his
opinion, it was relator and his father who had done
that.  In the third cited instance, Cashon testified that either relator
or his father or both Atyped out
those affidavits ahead of time, knowing the falsity thereof, and asking [the
victim=s mother] to sign them, in order for -
- to make an actual innocence claim.@  No objection was made to either of the last two
statements.  








 A witness may give a lay opinion if it is
rationally based on the perception of the witness and helpful to a clear
understanding of the testimony or a determination of a fact in issue.  Tex.
R. Evid. 701. 
Such testimony is not objectionable because it includes an ultimate
issue to be decided by the trier of fact.  Tex.
R. Evid. 704; Ex parte Nailor, 149 S.W.3d 125, 135 (Tex. Crim. App. 2004); Davis
v. State, 223 S.W.3d 466, 476 (Tex. App.–Amarillo 2006, pet. ref=d,
untimely filed).  Furthermore,
counsel is not incompetent for failing to object to opinion evidence on the
ground it goes to an ultimate issue.  Ex
parte Nailor, 149 S.W.3d at 135.  

Relator
does not argue that this testimony was not based on the perception of the
witness and/or was not helpful to an understanding of a fact in issue.  Rather, he complains about Cashon being an officer of the court; yet, that was not the
capacity in which Cashon was called as a witness.  Cashon was a fact
witness because he had indeed met with relator and
his father with respect to their desire to prevent the deportation of Gallardo
and had suggested a means to them as to how to prevent that deportation.  He was also involved in the appeal of
Gallardo=s application for writ of habeas corpus
and to some extent was an expert witness as well.           

Relator
also concludes that there could have been no reasonable trial strategy in
failing to object. However, given the fact that one such objection was
overruled by the court, counsel could have chosen not to emphasize the matter
further to the jury by additional objections. 
As previously stated, we may not speculate as to counsel=s
reasons for failing to object when the record fails to reveal them.  Rodriguez v. State, 292
S.W.3d 187, 190 (Tex. App.–Amarillo 2009, no pet.).  Accordingly, we cannot say the trial court
abused its discretion in finding that relator failed
to prove by credible evidence that counsel=s
performance was deficient.  








Jury Instruction

Next, relator
argues that his counsel was deficient in not requesting an accomplice witness jury
instruction with respect to Gaitan.  It is relator=s
contention that Gaitan was an accomplice and that relator was entitled to an instruction that the jury could
not consider Gaitan=s
testimony unless it was corroborated by other evidence tending to connect relator to the offense. 
See Tex. Code Crim. Proc. Ann. art.
38.14 (Vernon 2005).  


Fabricating physical evidence
occurs when a person, knowing that an investigation or official proceeding is
pending or in progress makes, presents, or uses any record, document, or thing
with knowledge of its falsity and with intent to affect the course or outcome
of the investigation or official proceeding. 
Tex. Penal Code Ann. '37.09(a)(2) (Vernon Supp. 2009). 
A criminal conspiracy occurs when a person agrees with one or more
persons that they or one of them engage in conduct that constitutes the offense
and he or one or more of them performs an overt act in pursuance of the agreement.  Id. '15.02(a)
(Vernon 2003).  An accomplice
participates with a defendant before, during or after the commission of the
crime and acts with the culpable mental state. 
Paredes v. State, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).  If the parties present conflicting or unclear
evidence as to whether a witness is an accomplice, the jury must initially
determine whether the witness is an accomplice as a matter of fact.  Cocke v. State, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006).  A court=s failure
to submit an accomplice as a matter of fact instruction may be harmless error
if some non-accomplice evidence exists tending to connect the accused to the
offense and there is no rational basis upon which to disregard it.  Herron v. State, 86
S.W.3d 621, 632-33 (Tex. Crim. App. 2002).  








Even assuming arguendo
that Gaitan was an accomplice, there was other
evidence tending to connect relator to the
offense.  The victim=s
mother testified that she met with Peter Eggert at a
time when relator was present and that they told her
they would give her money if she would sign the affidavits and have them
notarized.  She further testified that
Peter Eggert asked relator
to type up the affidavits.  She also told
Peter Eggert the next day that the affidavits were
not true.  This is some evidence tending
to connect relator to the offense.  Therefore, we cannot find error in the trial
court=s conclusion that relator
failed to prove that the result of the proceeding would have been
different.   

Failure to Investigate

Relator
then contends that his trial counsel did not adequately investigate his case
and prepare for trial.  Yet, he fails to
provide information as to what evidence might have been uncovered if counsel
had conducted an Aadequate@
investigation or of what that adequate investigation should have
constituted.  Without the same, he has
failed to meet his burden to show that counsel=s
performance was deficient.  Flowers v. State, 133 S.W.3d 853, 858-59 (Tex. App.–Beaumont
2004, no pet.).  

Failure to Interview Witnesses








Relator
also alleges that his counsel did not interview potential witnesses.  In particular, he mentions Jose Lopez, a
licensed attorney who signed Gallardo=s
pleadings with respect to his application for writ of habeas corpus since relator and his father were not licensed in Texas.  Relator contends
that his counsel would have discovered that Lopez was not just a figurehead on
pleadings if he had interviewed Lopez.  However,
he fails to explain how this evidence would have affected the outcome of the
case.  See In re A.D., 287 S.W.3d
356, 363 (Tex. App.–Texarkana 2009, pet. denied) (stating that the applicant
must show that the evidence would have been of some benefit to him).  It was relator=s
burden to establish that he was prejudiced by counsel=s
actions and he has not. 

Failure to Understand Criminal
Law 

Finally,
relator argues that counsel did not understand how to
make an offer of proof and failed to object to Cashon=s
opinion testimony as to his guilt.  We
have already addressed the latter complaint. 
As to the former, counsel attempted to inquire of the victim=s
mother as to the facts of the underlying offense committed by Gallardo.  The State objected and the objection was
sustained.  Counsel then remarked, A[w]e may
want to present an offer of proof on that too, your honor.@  Nevertheless, an offer of proof was not
made.  

Relator
contends that whether the affidavits were true or false Astrikes
at the very heart of the case.@  Yet, he offers no authority to show that the
evidence was admissible.  Moreover,
counsel may have changed his mind about wanting to make an offer of proof based
on his trial strategy.  Without more in
the record to show the reason for counsel=s
actions, we may not find that his failure to make that offer of proof was
deficient. Furthermore, to the extent that relator
complains that the totality of his trial counsel=s
performance was deficient, we find that he has failed to meet his burden to
prove that each individual complaint has merit and thus the totality of that
representation is likewise not deficient. 


Ineffective Assistance of
Counsel - Petition for Discretionary Review








Relator
further contends that the trial court erred in rejecting his contention that
his retained counsel was ineffective in petitioning for discretionary review
because he omitted various issues (e.g. legal impossibility, abuse of
discretion in denying a motion for new trial, and legal and factual sufficiency
challenges) from the petition.  We
overrule the contention for the following reason.  There is no right to counsel for purposes of
seeking a petition for discretionary review. 
Ex parte Lozada-Mendoza, 45
S.W.3d 107, 109 (Tex. Crim. App. 2001); Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997).  Because
no such right exists at that stage of the proceeding, he cannot claim that his
purported right to effective assistance of counsel was denied him.  Ex parte Graves, 70 S.W.3d 103, 111
(Tex. Crim. App. 2002) (holding that because he had no right to counsel during
the habeas proceeding, he cannot claim that his right to effective assistance
of counsel was denied him). 

Accordingly, we overrule all of relator=s issues
and affirm the order of the trial court. 

 

Per Curiam 

 

Do not publish.                                           











[1]Relator and Peter Hellmuth Eggert were tried together.