# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00240-CR

## Ex parte Thomas Hollowell

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. CR-5489, THE HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Thomas Hollowell, acting pro se, appeals from the trial court's order denying relief in an article 11.072 post-conviction habeas corpus proceeding. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). In connection with that appeal, Hollowell also appeals the trial court's order denying, in part, his request for a free record on appeal. We affirm the trial court's partial denial of Hollowell's request for a free record and affirm the trial court's denial of habeas corpus relief.

## BACKGROUND

Hollowell was indicted for the felony offense of indecency with a child by sexual contact. On August 30, 2004, the day of trial, Hollowell waived his right to a jury trial and entered a negotiated plea of guilty. The trial court accepted Hollowell's plea and sentenced him in accordance with the negotiated plea agreement, for deferred adjudication and placement on community supervision for ten years.

Four months later, on December 14, 2004, the State filed a motion to adjudicate Hollowell's guilt and revoke his community supervision. On February 23, 2005, three months after

the State filed its motion, Hollowell filed a post-conviction application for writ of habeas corpus pursuant to article 11.072 attacking his original plea. *See id.* On March 24, 2011, the trial court denied relief without an evidentiary hearing and issued written findings of fact and conclusions of law.[1] On May 6, 2011, the trial court entered an order denying, in part, Hollowell's request for a free record on appeal.

## DENIAL OF FREE RECORD

The trial court denied, in part, Hollowell's request for a free record for his appeal of the trial court's denial of his application for writ of habeas corpus. In two points of error, Hollowell complains that the trial court abused its discretion by: (1) finding he was not indigent because he made a prima facie showing of his indigent status, and (2) failing to hold a hearing to determine his indigency. An indigent defendant is entitled to have the appellate record furnished to him without charge. *See* Tex. R. App. P. 20.2. However, the trial court's order denying Hollowell's request was not based upon its determination that Hollowell was not indigent. Rather, the trial court determined that Hollowell was not entitled to "further free record."

The trial court found that Hollowell had already been provided a complete copy of the entire record in connection with his case.[2] Thus, the trial court's order merely denied Hollowell duplicate copies of the record. Hollowell cites no authority, and we have found none, that entitle him

---

[1] On September 25, 2005, after the habeas corpus application was filed but prior to ruling on it, the trial court adjudicated Hollowell guilty, revoked his community supervision, and sentenced him to 20 years' imprisonment.

[2] This finding is supported by a response filed by the court reporter in the instant appeal indicating that Hollowell "has previously been provided, at no cost, the originals of all reporter's records regarding [his] case."

to multiple copies of the record due to his indigent status. Moreover, the trial court explicitly ordered the district clerk to provide the record necessary to the instant appeal of the denial of the habeas corpus application.[3] Thus, the court did in fact provide Hollowell with a free record necessary to the instant appeal.[4] The trial court's order merely denied Hollowell additional copies of the record beyond the record associated with the denial of habeas relief, which had previously been provided to him.

Hollowell's points of error, attacking the trial court's alleged finding that he was not indigent and complaining of the court's failure to conduct an indigency hearing, are without merit. Moreover, Hollowell has been provided the free record to which he is entitled for this appeal. Accordingly, we overrule Hollowell's points of error relating to the order denying, in part, his request for a free record and affirm the order of the trial court.

## DENIAL OF HABEAS CORPUS RELIEF

In his application for writ of habeas corpus, Hollowell attacked his original plea asserting that he was denied due process and that denial rendered his guilty plea involuntary. In five points of error on appeal, he contends that the trial court erred in denying him habeas corpus relief because due process violations, including ineffective assistance of counsel and judicial coercion, rendered his guilty plea involuntary.

---

[3] The court ordered the clerk to provide Hollowell with the order denying habeas corpus relief, the reporter's record of the plea proceeding, and the paperwork associated with the guilty plea. In addition, the court found that the order denying habeas relief "has been filed of record inclusive of all materials relevant to that determination and that Defendant was provided a copy of same."

[4] Hollowell's subsequent brief on the merits contains record citations demonstrating that he has a copy of the record.

### *Standard of Review*

To prevail in a post-conviction writ of habeas corpus proceeding, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). In reviewing a trial court's decision to grant or deny habeas relief, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).

In an article 11.072 post-conviction habeas corpus proceeding, the trial judge is the sole finder of fact. *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). Thus, in conducting our review, we afford almost total deference to the trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006); *Ex parte Thompson*, 153 S.W.3d 416, 417-18 (Tex. Crim. App. 2005). In addition, we afford almost total deference to the trial court's application of law to the facts if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). However, a deferential abuse of discretion review is not appropriate in the context of the application of law to facts when the trial court's decision does not turn on the credibility or demeanor of witnesses. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999). When the trial judge is not in an appreciably better position than the reviewing court, a de novo review by the appellate court is appropriate. *Id.* (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997));

*Ex parte Franklin*, 310 S.W.3d 918, 921 (Tex. App.—Beaumont 2010, no pet.). Finally, when the resolution of the ultimate question turns on the application of legal standards, we conduct a de novo review. *Peterson*, 117 S.W.3d at 819.

### *Voluntariness of Guilty Plea*

In his first point of error, Hollowell argues that the habeas court abused its discretion in denying relief on the ground that he suffered ineffective assistance of trial counsel which rendered his guilty plea involuntary. In Hollowell's brief, the alleged "grounds in support of counsel's ineffectiveness" include: (1) failure to ensure pretrial motions were heard and ruled on, (2) failure to conduct an investigation, (3) failure to conduct adequate discovery, (4) failure to meet with Hollowell prior to trial to prepare and discuss a defense, (5) failure to give correct information at trial concerning the right to appeal, (6) failure to give correct information concerning whether a charge or conviction would be on Hollowell's record if he successfully completed community supervision, (7) failure to explain documents signed in connection with his plea, and (8) failure to object to the trial judge's alleged threat off the record.

A guilty plea is not voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). To prevail on a claim of ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and that a reasonable probability exists that the result of the proceeding would have been different but for the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). Any allegation of ineffectiveness must be firmly founded in the record, and the record must demonstrate affirmatively the alleged ineffectiveness.

5

*Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). A defendant challenging a guilty plea must show a reasonable probability that, absent counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009).

*Failure to Obtain Ruling on Motions*

In his habeas corpus application, and now on appeal, Hollowell complains that his trial attorney failed to obtain a hearing or rulings on pretrial motions. However, merely showing a failure to obtain a ruling or a hearing on pretrial motions does not establish ineffective assistance of counsel. *Wills v. State*, 867 S.W.2d 852, 857 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Rather, trial counsel's decision whether to pursue a ruling on a pretrial motion is within the wide range of reasonable professional assistance. *Id.* Moreover, unless an appellant shows that a pretrial motion had merit and that a ruling on the pretrial motion would have changed the outcome of the case, he has failed to establish both prongs of the *Strickland* standard. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (citing *Roberson v. State*, 852 S.W.2d 508, 510-12 (Tex. Crim. App. 1993)).

In this case, the record reflects that on the day of trial, prior to jury selection, trial counsel obtained a ruling on the defendant's motion in limine. Trial counsel's decision not to obtain

rulings on any remaining motions may have been trial strategy.[5] For example, the State may have

had an open file policy and counsel may have subsequently determined that the motions had no

merit or counsel could have felt that those rulings would not have assisted in the defense.

Furthermore, Hollowell has not shown that any of the motions were meritorious, or that the failure

to obtain rulings on the motions resulted in any harm. Hollowell merely asserts that "had [counsel]

ensured the motions were heard, they almost assuredly would have been granted and thus, more

facts may have been revealed to support a defense." This conclusory statement does not constitute

a sufficient showing that the pretrial motions were meritorious. In any event, the record does not

affirmatively demonstrate that the failure to obtain the rulings was due to counsel's deficient

performance. *See Goodspeed*, 187 S.W.3d at 392.

*Other Alleged Failures of Counsel*

To preserve a complaint for our review, a party must have presented to the trial court

a timely request, objection, or motion that states the specific grounds for the desired ruling if they

are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1);

*Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). Further, the trial court must have

ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party

must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*,

---

[5] The record in this appeal does not reflect what other pretrial motions, if any, were filed. Hollowell asserts in his brief that trial counsel was ineffective for "fail[ing] to ensure twelve (12) pretrial motions were heard" and quotes what appears to be a portion of a reporter's record of a pretrial hearing reflecting trial counsel's representation to the trial judge that he and the prosecutor were discussing "several motions." We will assume without deciding, for purposes of this discussion, that pretrial motions were in fact filed.

138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Preservation of error is a systemic requirement that this court should review on its own motion. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009); *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473-74 (Tex. Crim. App. 2010) (citing *Ford*, 305 S.W.3d at 532).

As relates to ineffective assistance, Hollowell limited his argument in his application for writ of habeas corpus to ineffective assistance of trial counsel based on counsel's "failure to file a motion for a hearing to hear filed motions." He did not argue that he was entitled to habeas relief because he was denied effective assistance due to any of the other alleged failures of counsel that he now raises in his brief. Thus, the trial court never had an opportunity to consider these arguments, and Hollowell may not raise them for the first time on appeal. *See* Tex. R. App. P. 33.1(a)(1); *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003) (reasoning that only violations of "rights which are waivable only" and denials of "absolute systemic requirements" may be raised for the first time on appeal). Consequently, Hollowell failed to preserve these complaints concerning counsel's alleged ineffective assistance rendering his guilty plea involuntary for appellate review.

*Conclusion Regarding Ineffective Assistance*

Other than his uncorroborated allegations in his brief, nothing substantiates Hollowell's contentions that counsel behaved in the manner alleged. Hollowell did not obtain an affidavit from trial counsel, and the trial court determined that there was nothing in the habeas corpus record showing counsel failed to fully apprise Hollowell of the facts and law applicable to his case. Absent evidence supporting Hollowell's claims, we decline to find counsel engaged in the conduct alleged.

8

*See Rodriguez v. State*, 292 S.W.3d 187, 189 (Tex. App.—Amarillo 2009, no pet.) (finding appellant's complaint of ineffectiveness not firmly founded in record when nothing showed counsel was responsible for his decision to plead true to enhancement paragraph). Because nothing in the record demonstrates that Hollowell suffered ineffective assistance of counsel that rendered his guilty plea involuntary, the trial court did not abuse its discretion in denying habeas corpus relief based on this ground. We overrule Hollowell's first point of error.

### Audio Recording of Plea Proceeding

In his second point of error Hollowell complains that the trial court abused its discretion by failing to include the audio recording of the plea proceeding in the appellate record. Presumably, Hollowell refers to the court reporter's audiotape recording of the plea proceeding made to serve as a backup to the court reporter's notes. Such recording, however, is not properly part of the appellate record.

Except where electronically recorded proceedings are specifically permitted by orders of the Supreme Court or Court of Criminal Appeals, the reporter's record is a typewritten transcription of the court reporter's notes certified by the court reporter as a true and correct transcription of all portions of the evidence and other proceedings requested to be included in the reporter's record.[6] *See* Tex. R. App. P. 34.6(a)(1) ("If the proceedings were stenographically

---

[6] The Texas Supreme Court has adopted rules for making an electronic recording of court proceedings. *See* Rules Governing the Procedure for Making a Record of Court Proceedings by Electronic Recording, reprinted in Texas Rules of Court—State 465-66 (West 2012). The rules have specific requirements governing the preparation and filing of the record and the duties of the court recorder designated by the trial court. *Id.* In addition, the Texas Rules of Appellate Procedure require court recorders to perform specific duties, in addition to those for court reporters, to ensure

9

recorded, the reporter's record consists of the court reporter's transcription of . . . the proceedings, and any of the exhibits that the parties to the appeal designate.")  Here, the plea proceeding was stenographically recorded.  Thus, the reporter's record is the court reporter's certified transcription of the plea proceeding.

Neither the Supreme Court nor the Court of Criminal Appeals has authorized Llano County to participate in electronic recording of court proceedings.  We are not authorized to consider tape recordings in the absence of such an order.  *See, e.g.*, *Henning v. Henning*, 889 S.W.2d 611, 612 n.1 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (court had no authority to consider tapes from proceeding before master in Fort Bend County, which is not a county included in supreme court order); *Ex parte Occhipenti*, 796 S.W.2d 805, 807 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (tape recordings could not be considered prior to supreme court's order authorizing their use for electronic recording).

In sum, the audio recording Hollowell seeks is not part of the official reporter's record and thus is not properly included in the appellate record.  Further, we are not authorized to review the audio recording of the plea proceeding.  Therefore, the trial court did not abuse its discretion in not including it in the appellate record.  We overrule Hollowell's second point of error.[7]

the proper functioning of the electronic recording system so that a transcribable recording is made.  *See* Tex. R. App. P. 13.1-13.2.  The rule incorporates the requirement for a detailed log of proceedings to be filed with the clerk of the court.  Finally, the rule governs storage of the original recording and requires that it be safeguarded so that there is no unauthorized access.  In the absence of an official court recorder and compliance with these rules, this Court has no assurance that the tape recording is complete or accurate.

[7] For the same reasons, we likewise deny Hollowell's motion to abate the appeal so that he can supplement the appellate record to include the audio recording of the plea proceeding.

10

### *Imposition of "Unfillable Condition"*

In his third point or error, Hollowell asserts that the trial court abused its discretion at the plea proceeding by adding an "unfillable condition" by stating to Hollowell that "if you successfully live out your probation, you'll not have a final conviction for this offense."

We are unable to discern a condition of community supervision imposed by the trial court's statement. Moreover, Hollowell did not raise this complaint in his habeas corpus application to the trial court and thus has failed to preserve this complaint for our review. *See* Tex. R. App. P. 33.1(a)(1); *Pena*, 353 S.W.3d at 807. Furthermore, section 3(b) of article 11.072 requires an applicant seeking to challenge a particular condition of community supervision, but not the legality of the conviction for which community supervision was imposed, to first attempt to gain relief by filing a motion to amend the conditions of community supervision. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 3(b). Nothing in the record demonstrates that Hollowell first raised his challenge to the additional "unfillable condition" purportedly added by the trial judge in a motion to amend the conditions of community supervision as required by the statute.

For these reasons, we overrule Hollowell's third point of error.

### *Evidentiary Hearing*

In his fourth point of error Hollowell "demands a due process live hearing" to determine counsel's ineffectiveness in relation to the voluntariness of his plea. We construe his "demand" as a complaint that the trial court erred by denying him relief without having conducted a hearing on his application.

However, there is nothing in article 11.072 requiring the trial court to conduct a hearing on an application for writ of habeas corpus before rendering its decision on the relief sought.

11

*See Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). Section 6(b) of article 11.072 clearly reflects that the trial court has the discretion to determine what is necessary to make its determination. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b) (West Supp. 2011) ("In making its determination, the court *may* order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection.") (emphasis added); *Cummins*, 169 S.W.3d at 757; *see also Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex. App.—Waco 2010, pet. ref'd). From the plain language of the statute it is clear that the decision whether to hold a hearing is within the discretion of the trial court.[8]

Thus, because article 11.072 did not require the trial court to hold a hearing before rendering its decision on Hollowell's requested relief, the trial court did not abuse its discretion by failing to hold a hearing on his application. We overrule Hollowell's fourth point of error.

### Erroneous Findings of Fact

In his fifth point of error, Hollowell complains that the habeas court entered erroneous findings of fact in connection with his claim of an involuntary guilty plea.

Upon review of a trial court's decision on a habeas corpus application, when the record contains findings of fact, we defer to the findings if the record supports them. *Thompson,* 153 S.W.3d at 417-18. Hollowell's complaint refers to the following findings made by the habeas court:

(1)     Attorney Adams was not present at the plea.

---

[8]  We note that because Hollowell failed to raise the grounds of ineffective assistance he now alleges on appeal in his habeas corpus application, the trial court had no knowledge of these grounds and had no opportunity to consider these grounds in making its decision of whether to conduct a hearing.

12

(2)     There was no period during the plea where the court and participants went off the record whereby Judge Shaver could have engaged in the threats attributed to him.[9]

(3)     The allegations that trial counsel did not confer with Defendant approach a fantasy as counsel, on the record, went over the discussions and considerations of the case, the fact of advice being given including the lifetime sex offender registration requirement, that he understood the deal being offered, and more. Defendant acknowledged his understanding and agreement at every turn.

We agree with Hollowell that some of the habeas court's findings are not supported by the record. However, these unsupported findings do not affect the resolution of Hollowell's claims. The record as a whole supports the trial court's denial of Hollowell's application for writ of habeas corpus.

First, the record reflects that Attorney Adams was in fact present for at least a portion of the plea proceeding. He is listed as making an appearance on behalf of Hollowell in the reporter's record and, further, the record reflects that he addressed the court during the proceeding on one occasion. However, the finding concerning the presence (or absence) of Attorney Adams at the plea proceeding is not necessary to the habeas court's resolution of Hollowell's claims or material to the denial of relief. Although Hollowell claimed in his habeas corpus application that he was being coerced into accepting the plea bargain by Attorney Adams, he asserted that Attorney Adams made the coercing statements on a date in April—four months before the plea proceeding. Further, the complaint of ineffective assistance against Attorney Adams that Hollowell raised in his habeas

---

[9] In his habeas application Hollowell alleged that the trial judge at the plea proceeding, the Honorable Doug Shaver, instilled fear in him by making the following statements to him: "With the nature of the charge against you, you are seen as guilty until proven innocent. I believe a Llano County jury will find you guilty. If they do, I'm going to stick you."

13

corpus application did not relate to the plea proceeding or his attorney's presence, or absence, at such proceeding.

Second, the record reflects that there were, in fact, several breaks taken during the plea proceeding—a lunch break and several subsequent breaks.[10] Arguably, these could have been breaks in the proceedings where Judge Shaver could have engaged in the alleged conduct. However, the burden is on Hollowell to allege *and prove* facts which, if true, entitle him to relief. *See Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985) (emphasis added). Once alleged, the burden to prove those facts is heavy. *Id.* Where there is proof contrary to the applicant's claims, his sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988); *see Arreola v. State*, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Simply because there were breaks in the proceedings that provided an opportunity for the alleged conduct does not demonstrate that the conduct in fact happened. The record contains no evidence that Hollowell was coerced or intimidated. In fact, the record contains evidence of the opposite, that he was not coerced or intimidated. On two separate occasions during the plea proceeding Hollowell was questioned about coercion or threats—once by defense counsel and subsequently by the judge—and both times Hollowell affirmatively denied being threatened or coerced into accepting the plea bargain. Thus, the record supports the habeas court's finding that "Judge Shaver did not threaten or intimidate Defendant" as well as the denial of habeas relief based on Hollowell's claim of judicial threats.

---

[10] The record reflects that the trial judge informed the parties that they had 15 minutes to resolve whether there was going to be a plea or whether they were going to proceed with jury selection. The record does not reflect the actual duration of that break. Also, the court took an additional break to allow the plea paperwork to be completed. The record does not reflect the duration of that break either.

We disagree with Hollowell's contention that the trial court erred in finding "that Attorney Inman advised [Hollowell] of 'lifetime sex offender registration' and that [he] understood the plea bargain as stated by Prosecutor Nelson." The record reflects that Hollowell was aware of the lifetime sex offender registration requirement. First, sex offender registration was discussed in Attorney Inman's questioning of Hollowell when reviewing his decision to accept the plea bargain offer. In addition, the prosecutor's recitation of the plea bargain agreement explicitly mentioned lifetime registration. Furthermore, the plea packet reflects the lifetime registration requirement in two separate documents—the *Felony Waivers, Confession, and Agreement* and the *Admonishments Under V.A.C.C.P. Art. 62.02, et. seq.*—both of which Hollowell and his attorney signed. A review of the plea proceeding, including Hollowell's testimony, along with the documents contained in the plea paperwork, supports the habeas court's finding that Hollowell understood the plea bargain he was accepting and the consequences of his plea, including the lifetime sex offender registration requirement.

When reviewing a guilty plea, the plea is voluntary if the defendant was made fully aware of the consequences. *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). If the record shows that the applicant was admonished in writing as to his rights and the consequences of his plea, a prima facie showing of a "knowing and voluntary" plea is made. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The burden then shifts to the applicant to prove that he made the plea without understanding its consequences. *Id.*; *Edwards v. State*, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.). The burden of rebutting the prima facie case made by written and signed admonishments is a heavy one. *Edwards*, 921 S.W.2d at 479;

15

*Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *see Arreola*, 207 S.W.3d at 391 ("An accused who attests when he enters his plea of guilty that he understands the nature of his plea and that it is voluntary has a heavy burden on appeal to show that his plea was involuntary.").

In contrast to the sworn allegations Hollowell attached to his application for writ of habeas corpus, the reporter's record of the plea proceeding and the written plea paperwork show that Hollowell's plea was knowingly and voluntarily entered. The record reflects that Hollowell received written admonishments from the trial court when he offered his guilty plea, admonishments he acknowledged with his signature. In addition, Hollowell's testimony at the plea proceeding reflected that he was voluntarily and knowingly accepting the plea bargain and pleading guilty. Thus, the record before the trial court at the time of Hollowell's habeas corpus application established a prima facie case that Hollowell's guilty plea was knowingly and voluntarily made. *See Martinez*, 981 S.W.2d at 197.

It was reasonable in this case for the habeas court to conclude that Hollowell's sworn assertions attached to his application were not sufficient to meet his heavy burden of rebutting the prima facie case created by the written admonishments and plea agreement, signed by Hollowell, or his testimony at the plea proceeding. *See Arreola*, 207 S.W.3d at 391; *see also Ex parte Empey*, 757 S.W.2d at 775. In short, the habeas court's determination was based on conflicting evidence: on the one hand, Hollowell's signature on written admonishments and plea agreement as well as testimony from him at the time of his plea reflecting that he understood the consequences of his plea and was voluntarily pleading guilty; and on the other hand, Hollowell's sworn allegations in his

application for writ of habeas corpus, which contradicted his earlier verification of knowingness and voluntariness. We will not disturb the determination of the trial court as it was within the court's province to resolve conflicting facts. *See Amezquita*, 223 S.W.3d at 367.

In sum, Hollowell did not allege and prove facts that entitled him to relief on his habeas corpus application. Rather, the record shows that he was fully aware of the consequences of his plea and that his guilty plea was knowingly and voluntarily made. Based on the record before it, the trial court did not abuse its discretion in denying Hollowell's application for writ of habeas corpus. We overrule his fifth point of error.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's order denying, in part, a free record and affirm the trial court's denial of Hollowell's application for writ of habeas corpus.[11]

_____
Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: June 1, 2012

Do Not Publish

---

[11] All other pending motions filed by Hollowell during the course of this appeal are denied.

17