**Ex parte Victor Manuel LOZADA–MENDOZA, Applicant.**

**No. 73,939.**

Court of Criminal Appeals of Texas.

May 16, 2001.

---

Victor Manuel Lozada-Mendoza, pro se.

Robert E. Bell, Dist. Atty., Edna, Matthew Paul, State's Atty., Austin, for the State.

### OPINION

PRICE, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, HOLLAND, WOMACK, JOHNSON, KEASLER, and HERVEY, JJ., joined.

Our prior opinion, delivered May 2, 2001, is withdrawn.

The applicant contends that he was not informed of his right to file a *pro se* petition for discretionary review by his appellate counsel and therefore received ineffective assistance of counsel. Even though the applicant was informed of his ability to file a *pro se* petition for discretionary review prior to rendition of the Court of Appeals's opinion, we hold that appellate counsel's actions complied with *Ex parte Wilson*, 956 S.W.2d 25 (Tex.Crim.App. 1997), and counsel was not ineffective.

### FACTS

In a bench trial, the applicant was found guilty of the felony of possession of a controlled substance with intent to deliver

and sentenced to sixty-five years' incarceration. The trial court appointed appellate counsel to assist the applicant in his direct appeal. Upon appointment, appellate counsel sent a letter to the applicant, dated June 15, 1995, explaining his duties and responsibilities to the applicant on appeal. The letter explained the following to the applicant concerning petitions for discretionary review:

*Further proceedings.* If the court of appeals does not grant relief in your case, you may further appeal your case by filing a petition for discretionary review in the court of criminal appeals. This petition must be filed within 30 days after the court of appeals denies a motion for rehearing, if one is filed.

My appointment to represent you on direct appeal does not include an appointment to pursue a petition for discretionary review. An indigent defendant has no constitutional right to the appointment of an attorney to pursue discretionary review.... If your case is affirmed and you desire to file a petition for discretionary review, please notify me in writing and I will send you a form with instructions.

On May 22, 1997, the Thirteenth Court of Appeals affirmed the applicant's conviction. One week later, appellate counsel forwarded a copy of the judgment and opinion to the applicant, but did not mention the applicant's ability to file a *pro se* petition for discretionary review.

On application to this Court for habeas corpus relief, the applicant asserts that he was not notified of his ability to file a *pro se* petition for discretionary review and was therefore not afforded effective assistance of counsel. We remanded to determine whether the applicant was denied the ability to file a petition for discretionary review because he was not informed of this right by his appellate counsel. The trial court found that the applicant had been correctly informed of his right to file a *pro se* petition for discretionary review by appellate counsel in the June 15, 1995, letter. Accordingly the trial court recommended that relief be denied.

## DISCUSSION

■ To establish ineffective assistance of counsel, a defendant must meet the two prongs of *Strickland v. Washington:* 1) that counsel's performance was deficient in that his assistance fell below an objective standard of reasonableness and 2) that counsel's deficient performance resulted in prejudice to the defendant. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim. App.1999).

■ In *Ex parte Wilson,* we reaffirmed the principle that if "appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel." *Wilson,* 956 S.W.2d at 26. We also held that an appellate counsel has the obligation to inform a defendant that his conviction has been affirmed and that the defendant can pursue discretionary review on his own. *See id.* at 28. But counsel need not discuss the merits of further appellate review. *See id.* This information "sufficiently protects a defendant's right to file a petition for discretionary review. Counsel has no other constitutional obligation because a defendant has no right to counsel for purposes of discretionary review." *Id.*

■ It is true that in *Wilson* we did not say when a defendant must be made aware of his right to file a petition for discretionary review, but we believe that informing a defendant of this right in an appellate

counsel's initial appointment letter is sufficient. The obligations imposed by *Wilson* are designed to ensure that a defendant is made aware of his right to pursue further appellate review of his case. This purpose is accomplished when counsel correctly informs the defendant in the initial appointment letter, even though such information is given before the court of appeals renders an opinion.[1] If a defendant does not file a petition for discretionary review after so receiving this information, it is not the action or inaction of appellate counsel that has denied the defendant the opportunity to file a petition for discretionary review. *See id.* at 26. We hold that when a defendant is informed of his ability to file a petition for discretionary review in counsel's initial appointment letter, appellate counsel has complied with *Wilson*.

In the instant case, the trial court found that appellate counsel informed the applicant of his right to pursue discretionary review with this Court in the June 15, 1995, letter. This letter provided information about pursuing a petition for discretionary review.[2] Contrary to his assertions, the applicant was made aware of his right to file a petition for discretionary review. Because appellate counsel complied with *Wilson* and informed the applicant of his right to further review, appellate counsel's conduct did not fall below an objective standard of reasonableness.

Counsel was not ineffective. Relief is denied.

HOLCOMB, J., dissented.

1. Our opinion should not be read to mean that informing defendants in the initial appointment letter is the only or best way to comply with *Wilson*. We note that although informing a defendant of his right to file a petition for discretionary review in the initial appointment letter fulfills the obligations of *Wilson*, perhaps in the interest of better serving the client, counsel should reinform the defendant after the court of appeals renders its opinion. However, *Wilson* does not require reinforming the defendant.

2. We note that the information in the letter is not completely correct. A petition for discretionary review is filed in the court of appeals, not the court of criminal appeals. *See* Tex. R.App.P. 68.3. However, the applicant argues that he was never informed about his right to file a petition for discretionary review. He does not argue that he was provided incorrect information that caused him to file in the wrong court and thus miss his deadline. Also, the letter does state if the applicant wished to pursue a petition for discretionary review, he was to contact appellate counsel who would then send him forms and instructions that would presumably include proper filing information.