Affirmed and Memorandum Opinion filed January 20, 2005









Affirmed and Memorandum Opinion filed January 20,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00153-CR

____________

 

MICHAEL WAYNE
JAMES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 179th District
Court

Harris County,
Texas

Trial Court Cause No. 957,367

 



 

M E M O R A N D U M   O
P I N I O N

Appellant entered a guilty plea to aggravated robbery.  On February 18, 2004, the trial court
sentenced appellant to confinement for thirty-eight years in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant filed a written notice of
appeal.  

Appellant=s appointed counsel filed a brief in which she concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).








A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and appellant filed a pro se
response.  In his brief, appellant
contends (1) his guilty plea was not knowingly and voluntarily given, (2) his
trial counsel was ineffective, and (3) his appellate counsel was ineffective.

We examine appellant=s first issue.  In considering the voluntariness of a guilty
plea, a court considers the record as a whole. 
Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App.
1998).  A finding that an appellant was
duly admonished creates a prima facie showing that a guilty plea was entered
knowingly and voluntarily.  Id.  An appellant may still raise the claim that
his plea was not voluntary.  However, the
burden shifts to the appellant to demonstrate that he did not fully understand
the consequences of his plea such that he suffered harm.  Id. 
Accordingly, the appellant had a heavy burden to prove on appeal that
his plea was involuntary.  See id.

In this case, the court admonished appellant that, as a AHabitual Offender,@ he could be imprisoned Afor life, or for any term of not more
than 99 years or less than 25 years.@ 
The record reflects that appellant pleaded guilty without an agreed
recommendation as to punishment. 
Appellant argues that he was told he would receive a twenty-five year
sentence and that he would not have signed the AHabitual Offender@ admonishment otherwise.  However, there is no evidence in the record
to support this argument.  Appellant has
not met his burden of showing he did not understand the consequences of his
plea.  See. id.  We overrule appellant=s first issue. 








Second, appellant argues that trial counsel was ineffective
for (1) coercing him to plead guilty and (2) not filing any motions.  To show ineffective assistance of counsel,
appellant must prove by a preponderance of the evidence that his counsel=s representation fell below the
objective standard of professional norms, and that this deficient performance
prejudiced his defense.  Strickland v.
Washington, 466 U.S. 668, 687 (1984); Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002).  Our review
of counsel=s performance is highly deferential,
and we presume that counsel=s actions were reasonable and professional.  Bone, 77 S.W.3d at 833.  Rarely is the record on direct appeal
sufficient to overcome this presumption. 
Id.

The record is devoid of evidence of coercion by appellant=s trial counsel.  Nor does the record contain evidence about
what motions, if any, trial counsel should have filed or his reasons for not
filing them.  In the absence of evidence,
appellant has not met his burden to prove counsel was ineffective.  We overrule issue two.

Third, appellant similarly contends that his appellate
counsel was ineffective for failing to file a motion for new trial.  We apply the same standards to a review of
appellate counsel=s performance as we do to a review of trial counsel=s performance.  See Ex parte Lozada-Mendoza, 45 S.W.3d
107, 109 (Tex. Crim. App. 2001).

Appellant argues that appellate counsel contacted him after
the deadline for a motion for new trial. 
The record indicates that appellate counsel was appointed two days after
the court sentenced appellant and within the deadline to file a motion for new
trial.  See Tex. R. App. P. 21.4.  The record is silent, however, about whether
counsel had a valid reason for not filing a motion for new trial.  See Oldham v. State, 977 S.W.2d 354,
363 (Tex. Crim. App. 1998) (AWhen a motion for new trial is not filed in a case, the
rebuttable presumption is that it was considered by the appellant and rejected.@).  
There is no evidence about when counsel first contacted appellant.  Appellant has not met his burden of showing
that appellate counsel=s assistance was ineffective. 
See Bone, 77 S.W.3d at 833. 
We overrule appellant=s third issue.

Accordingly, the trial court=s judgment is affirmed. 

                                                                        PER
CURIAM

Judgment rendered and Memorandum
Opinion filed January 20 , 2005.

Panel consists of Justices Yates,
Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).