NO. 07-09-0351-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 4, 2010
_____

EX PARTE MIKEL PETER EGGERT,

Relator
_____

FROM THE 266TH DISTRICT COURT OF ERATH COUNTY;

NO. CR12110A; HON. DAVID CLEVELAND, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator Mikel Peter Eggert appeals *pro se* from the denial of his application for writ of habeas corpus by contending the trial court erred in failing to find that his appointed counsel was ineffective during his trial for criminal conspiracy in fabricating physical evidence and that his retained counsel was ineffective in prosecuting his petition for discretionary review of that conviction.   We affirm the trial court's order.

*Background*

Relator and his father Peter Helmuth Eggert, neither of whom was licensed to practice law in Texas at the time, attempted to assist Marcos Gallardo, who had previously pled guilty in a criminal case, from being deported.   In doing so, they

contacted Jason Cashon, an assistant district attorney in Erath County, for assistance and later contacted Leroy Gaitan, the former chief of police who had investigated Gallardo's crime. They sought to have Gaitan contact the mother of the complaining witness and obtain her and her daughter's signatures on affidavits which stated that Gallardo had not committed any offense. During this time, an appeal of Gallardo's application for writ of habeas corpus was pending in the Eleventh Court of Appeals.

After an offer of assistance for a fund raiser for Gaitan's campaign for constable and after receiving a check for $100 from Peter Eggert as well as the affidavits Eggert sought to have executed, Gaitan contacted the complainant's mother. Gaitan did not cash the check and did not present the affidavits to the victim's mother but did tell her that Peter Eggert wanted to speak to her and that there might be money available to her if she and her daughter were to sign the affidavits. The mother met with Peter Eggert and relator and eventually contacted the Texas Rangers through her attorney and turned the affidavits over to them. Relator was convicted of the charge of criminal conspiracy to fabricate physical evidence.

*Habeas Corpus Standard of Review*

The decision to deny an application for writ of habeas corpus lies within the trial court's discretion. *Kniatt v. State,* 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing that decision, we examine the record in the light most favorable to the trial court's ruling, *id.,* and defer to findings of the trial court supported by the record. *Ex parte Wheeler,* 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006). Moreover, the applicant has

2

the burden to prove his allegations by a preponderance of the evidence. *Kniatt v. State,* 206 S.W.3d at 664.

*Ineffective Assistance of Counsel -Trial*

In his first six issues, relator asserts that his trial counsel was ineffective in failing to 1) object to opinion testimony of the prosecutor/witness Jason Cashon about the ultimate issue of the case, 2) request an instruction that Gaitan was an accomplice witness, 3) interview witnesses, 4) investigate and adequately prepare for trial, and 5) understand applicable criminal law. Moreover, he contends the totality of counsel's representation was ineffective.

In making these claims, it was relator's obligation to prove that counsel was deficient and that the deficiency caused prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Smith v. State,* 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). Moreover, claims of ineffective assistance must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). That record must be sufficient to illustrate that the alleged deficiency was something other than reasonable trial strategy. *Garza v. State,* 213 S.W.3d 338, 348 (Tex. Crim. App. 2007).

*Prejudice*

We address the last prong of the *Strickland* test first. Though relator acknowledges in his brief that analyzing prejudice requires the examination of counsel's "errors not as isolated incidents, but in the context of the overall record," he undertakes no such examination. Instead, his analysis consists of proffering such generalities as "the record before us undisputedly establishes 'the benchmark for judging any claim of

3

ineffectiveness,'" "'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result,'" "the totality of counsel's constitutionally deficient performance prejudiced his defense," and the like.   Though such generalities may have their place in argument they are neither evidence of prejudice nor explanation developing prejudice.   Nor is it our responsibility to fulfill the burden of showing prejudice which authority clearly placed on him.

Indeed, the phrase *ipse dixit* best sums up what we have before us; we are to conclude that the supposed errors are prejudicial merely because relator says they are. That, however, is not enough to satisfy the second prong of *Strickland*.   We must follow the law and avoid concluding that we are always right simply because we say we are. That same obligation lies with relator.   He must follow the law espoused in *Strickland* and prove prejudice.   Having not done so, each of his contentions is overruled for that reason alone.   Nonetheless, we will also address the substance of his claims.

*Failure to Object to Opinion Testimony*

First, relator argues that his counsel permitted Jason Cashon to testify as to his guilt on three separate occasions without objection.   However, in the first cited instance, objection was made by counsel for relator's father[1] and that objection was overruled.   In the second cited instance, the witness was asked whether another attorney was involved in procuring phony affidavits to which he replied that, in his opinion, it was relator and his father who had done that.   In the third cited instance, Cashon testified that either relator or his father or both "typed out those affidavits ahead of time, knowing the falsity thereof,

---

[1]Relator and Peter Hellmuth Eggert were tried together.

4

and asking [the victim's mother] to sign them, in order for - - to make an actual innocence claim." No objection was made to either of the last two statements.

A witness may give a lay opinion if it is rationally based on the perception of the witness and helpful to a clear understanding of the testimony or a determination of a fact in issue. TEX. R. EVID. 701. Such testimony is not objectionable because it includes an ultimate issue to be decided by the trier of fact. TEX. R. EVID. 704; *Ex parte Nailor,* 149 S.W.3d 125, 135 (Tex. Crim. App. 2004); *Davis v. State,* 223 S.W.3d 466, 476 (Tex. App.–Amarillo 2006, pet. ref'd, untimely filed). Furthermore, counsel is not incompetent for failing to object to opinion evidence on the ground it goes to an ultimate issue. *Ex parte Nailor,* 149 S.W.3d at 135.

Relator does not argue that this testimony was not based on the perception of the witness and/or was not helpful to an understanding of a fact in issue. Rather, he complains about Cashon being an officer of the court; yet, that was not the capacity in which Cashon was called as a witness. Cashon was a fact witness because he had indeed met with relator and his father with respect to their desire to prevent the deportation of Gallardo and had suggested a means to them as to how to prevent that deportation. He was also involved in the appeal of Gallardo's application for writ of habeas corpus and to some extent was an expert witness as well.

Relator also concludes that there could have been no reasonable trial strategy in failing to object. However, given the fact that one such objection was overruled by the court, counsel could have chosen not to emphasize the matter further to the jury by additional objections. As previously stated, we may not speculate as to counsel's reasons for failing to object when the record fails to reveal them. *Rodriguez v. State,* 292

5

S.W.3d 187, 190 (Tex. App.–Amarillo 2009, no pet.). Accordingly, we cannot say the trial court abused its discretion in finding that relator failed to prove by credible evidence that counsel's performance was deficient.

*Jury Instruction*

Next, relator argues that his counsel was deficient in not requesting an accomplice witness jury instruction with respect to Gaitan. It is relator's contention that Gaitan was an accomplice and that relator was entitled to an instruction that the jury could not consider Gaitan's testimony unless it was corroborated by other evidence tending to connect relator to the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005).

Fabricating physical evidence occurs when a person, knowing that an investigation or official proceeding is pending or in progress makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding. TEX. PENAL CODE ANN. §37.09(a)(2) (Vernon Supp. 2009). A criminal conspiracy occurs when a person agrees with one or more persons that they or one of them engage in conduct that constitutes the offense and he or one or more of them performs an overt act in pursuance of the agreement. *Id.* §15.02(a) (Vernon 2003). An accomplice participates with a defendant before, during or after the commission of the crime and acts with the culpable mental state. *Paredes v. State,* 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). If the parties present conflicting or unclear evidence as to whether a witness is an accomplice, the jury must initially determine whether the witness is an accomplice as a matter of fact. *Cocke v. State,* 201 S.W.3d 744, 748 (Tex. Crim. App. 2006). A court's failure to submit an

6

accomplice as a matter of fact instruction may be harmless error if some non-accomplice evidence exists tending to connect the accused to the offense and there is no rational basis upon which to disregard it. *Herron v. State,* 86 S.W.3d 621, 632-33 (Tex. Crim. App. 2002).

Even assuming *arguendo* that Gaitan was an accomplice, there was other evidence tending to connect relator to the offense. The victim's mother testified that she met with Peter Eggert at a time when relator was present and that they told her they would give her money if she would sign the affidavits and have them notarized. She further testified that Peter Eggert asked relator to type up the affidavits. She also told Peter Eggert the next day that the affidavits were not true. This is some evidence tending to connect relator to the offense. Therefore, we cannot find error in the trial court's conclusion that relator failed to prove that the result of the proceeding would have been different.

*Failure to Investigate*

Relator then contends that his trial counsel did not adequately investigate his case and prepare for trial. Yet, he fails to provide information as to what evidence might have been uncovered if counsel had conducted an "adequate" investigation or of what that adequate investigation should have constituted. Without the same, he has failed to meet his burden to show that counsel's performance was deficient. *Flowers v. State,* 133 S.W.3d 853, 858-59 (Tex. App.–Beaumont 2004, no pet.).

*Failure to Interview Witnesses*

Relator also alleges that his counsel did not interview potential witnesses. In particular, he mentions Jose Lopez, a licensed attorney who signed Gallardo's pleadings

7

with respect to his application for writ of habeas corpus since relator and his father were not licensed in Texas. Relator contends that his counsel would have discovered that Lopez was not just a figurehead on pleadings if he had interviewed Lopez. However, he fails to explain how this evidence would have affected the outcome of the case. *See In re A.D.,* 287 S.W.3d 356, 363 (Tex. App.–Texarkana 2009, pet. denied) (stating that the applicant must show that the evidence would have been of some benefit to him). It was relator's burden to establish that he was prejudiced by counsel's actions and he has not.

*Failure to Understand Criminal Law*

Finally, relator argues that counsel did not understand how to make an offer of proof and failed to object to Cashon's opinion testimony as to his guilt. We have already addressed the latter complaint. As to the former, counsel attempted to inquire of the victim's mother as to the facts of the underlying offense committed by Gallardo. The State objected and the objection was sustained. Counsel then remarked, "[w]e may want to present an offer of proof on that too, your honor." Nevertheless, an offer of proof was not made.

Relator contends that whether the affidavits were true or false "strikes at the very heart of the case." Yet, he offers no authority to show that the evidence was admissible. Moreover, counsel may have changed his mind about wanting to make an offer of proof based on his trial strategy. Without more in the record to show the reason for counsel's actions, we may not find that his failure to make that offer of proof was deficient. Furthermore, to the extent that relator complains that the totality of his trial counsel's performance was deficient, we find that he has failed to meet his burden to prove that

8

each individual complaint has merit and thus the totality of that representation is likewise not deficient.

*Ineffective Assistance of Counsel - Petition for Discretionary Review*

Relator further contends that the trial court erred in rejecting his contention that his retained counsel was ineffective in petitioning for discretionary review because he omitted various issues (*e.g.* legal impossibility, abuse of discretion in denying a motion for new trial, and legal and factual sufficiency challenges) from the petition. We overrule the contention for the following reason. There is no right to counsel for purposes of seeking a petition for discretionary review. *Ex parte Lozada-Mendoza,* 45 S.W.3d 107, 109 (Tex. Crim. App. 2001); *Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). Because no such right exists at that stage of the proceeding, he cannot claim that his purported right to effective assistance of counsel was denied him. *Ex parte Graves,* 70 S.W.3d 103, 111 (Tex. Crim. App. 2002) (holding that because he had no right to counsel during the habeas proceeding, he cannot claim that his right to effective assistance of counsel was denied him).

Accordingly, we overrule all of relator's issues and affirm the order of the trial court.


Per Curiam


Do not publish.

9