COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-11-00377-CR |
| | § | |
| EX PARTE:  LUIS IVAN ESTRELLA | § | Appeal from |
| | § | 409th District Court |
| | § | of El Paso County, Texas |
| | § | (TC # 20060D04732) |
| | § | |

## **O P I N I O N**

Luis Ivan Estrella appeals from an order of the trial court denying his application for writ of habeas corpus.  For the reasons that follow, we affirm.

### **PROCEDURAL HISTORY**

In 2007, a jury acquitted Appellant of aggravated sexual assault of a child but found him guilty of indecency with a child.  The jury assessed his punishment at imprisonment for ten years, probated for ten years.  On July 15, 2009, we issued an opinion and judgment affirming Appellant's conviction.  *Estrella v. State*, No. 08-07-00173-CR, 2009 WL 2136827 (Tex.App.--El Paso July 15, 2009, no pet.).   Appellant subsequently filed a writ application alleging ineffective assistance of counsel both at trial and on appeal.   More specifically, Appellant complained that counsel was ineffective because he:  (1) failed to call an expert to testify regarding the psychology of memory and particular challenges to children's memory; (2) failed

to interview and present favorable character witnesses; (3) asked questions of Susan Schanne-Knoblach, a State's witness, which bolstered the testimony of the child victim; (4) failed to preserve error related to the exclusion of a letter written by the child's mother; and (5) filed a deficient brief on appeal. The State filed an answer. Following an evidentiary hearing, the trial court denied the writ application and entered written findings of fact and conclusions of law.

## INEFFECTIVE ASSISTANCE

Appellant raises three issues on appeal challenging the trial court's determination that he was not deprived of his right to effective assistance of counsel during trial and appeal.

### Standard of Review and Relevant Law

Both the United States and the Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX.CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 1 .05 (West 2005). This right includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 683-86, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984); *Ex parte LaHood*, 401 S.W.3d 45, 49 (Tex.Crim.App. 2013). Ineffective-assistance-of-counsel claims are cognizable on habeas review, and to determine whether to grant habeas relief for ineffective assistance of counsel, Texas courts apply the standard set forth in *Strickland v. Washington*. *LaHood*, 401 S.W.3d at 49; *Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex.Crim.App. 2011). Under that standard, the applicant is required to show that: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and according to the necessity of the case, and (2) counsel's performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *LaHood*, 401 S.W.3d at 49; *Ex parte Moore*, 395 S.W.3d 152, 156-57 (Tex.Crim.App. 2013). A failure to make a showing under either prong defeats an ineffective assistance claim. *See Rylander v. State*, 101 S.W.3d 107, 110

(Tex.Crim.App. 2003).

The applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998). In analyzing a claim for ineffective assistance, we begin with the strong presumption that counsel was competent. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *LaHood*, 401 S.W.3d at 50. Thus, the applicant must overcome the presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and that, under the circumstances, the challenged action might be considered sound trial strategy. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). Counsel's action or inaction will be found to be reasonable if the record is silent as to the facts, circumstances, or rationale behind a particular course of action. *Id.*

Prejudice requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. The proper standard of review for claims of ineffective assistance of counsel is whether, considering the totality of the representation, counsel's performance was ineffective. *LaHood*, 401 S.W.3d at 49.

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold it absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex.Crim.App. 2007). A reviewing court should afford almost total deference to the trial court's determination of the historical facts that are

supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id*. That same level of deference is afforded to a trial court's ruling on application of law to fact questions, sometimes referred to as mixed questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* We will engage in *de novo* review of those "mixed questions of law and fact" that do not depend upon credibility and demeanor. *Id.*

*Failure to Present Expert Testimony*

Appellant's first two issues are related to his claim that trial counsel was ineffective because he failed to present expert testimony at trial. In Issue One, he contends that he was denied the effective assistance of counsel at trial because his attorney failed to present the testimony of an expert witness regarding the "psychology of memory and particular challenges to children's memory." In his second issue, he argues that the trial court erred by concluding that Dr. Angel Rodriguez-Chevres, a psychiatrist, was not qualified to testify as an expert on the psychology of memory or the psychosexual development of children.

Here, the twelve-year-old child victim made a delayed outcry and accused Appellant of molesting her when she was five years of age. At the writ hearing, Appellant presented the testimony of Dr. Rodriguez-Chevres, a psychiatrist with twenty-four years of experience treating adults and adolescents. He testified generally that memory degrades over time and memory is not 100% reliable. Consequently, a person's memory about an event will be different seven years after an incident than it was closer in time to the event. Dr. Rodriguez-Chevres also explained that environmental changes in a child's life would be stress factors and could affect the child psychosexually. Appellant also presented the testimony of his trial attorney, Gary Weiser, at the writ hearing. The entirety of that testimony is as follows:

[Writ counsel]: Mr. Weiser, I met you for the first time today. Is that correct?

[Trial counsel]: That is correct, sir.

[Writ counsel]: And you understand my name is Luis Vera and I am representing Mr. Luis Estrella in this writ application. Do you understand that?

[Trial counsel]: Yes.

[Writ counsel]: Okay. And, Mr. Weiser, I just want to ask you two questions -- three, I guess. You were the attorney for Mr. Luis Estrella in the trial of this cause that I believe led to a conviction. Is that correct?

[Trial counsel]: Yes, sir.

[Writ counsel]: Mr. Weiser, when you represented Mr. Estrella did you at any time hire or interview an expert in the area of what's known as memory, the psychology of memory?

[Trial counsel]: No, sir.

[Writ counsel]: Is it my understanding that your strategy in the case was -- or as you saw it, I should say, it was the credibility of the child witness versus the credibility of Luis Estrella?

[Trial counsel]: In part that is correct, sir.

[Writ counsel]: And that is how you tried the case?

[Trial counsel]: Yes, sir.

[Writ counsel]: At any time did you discuss with Mr. Estrella hiring an expert to help him in his defense in the psychology of memory?

[Defense counsel]: Sir, I honestly don't recall whether I did or not. Probably not, but I just don't recall.

Appellant asserts that the testimony is unchallenged and established that Mr. Weiser never considered hiring an expert witness to testify regarding the psychology of memory, but the record does not support this claim. Appellant did not ask Mr. Weiser whether he ever considered hiring such an expert and he did not ask him any questions regarding his strategy for not presenting this type of expert testimony. While the record establishes that Mr. Weiser did not

hire an expert, it does not demonstrate why. Thus, the record is silent with respect to trial counsel's strategy.

The trial court concluded that Appellant failed to overcome the presumption that trial counsel's decision not to present expert testimony was part of a well-reasoned strategy. As the Court of Criminal Appeals has observed, it should be a rare case where ineffective assistance of counsel is found from a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex.Crim.App. 2005). When the record is silent on the subject of trial counsel's strategy, a court can find ineffective assistance of counsel only if the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). While these observations are typically made on direct appeal when the record has not been sufficiently developed to address an ineffective assistance of counsel claim, the concept applies equally in this case because Appellant failed to present any evidence regarding trial counsel's strategy.

The decision to present witnesses is largely a matter of trial strategy. *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex.App.--Houston [1st Dist.] 2005, pet. dism'd). The trial court concluded that it was objectively reasonable for counsel to not present the testimony of an expert like Dr. Rodriguez-Chevres because the State could have utilized his expertise to explain why the child victim could not recall details of the incident and this would have undercut the defense that the child could not recall details because she had fabricated it. In the absence of any evidence regarding counsel's trial strategy, Appellant failed to rebut the presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and that, under the circumstances, the challenged action might be considered sound trial strategy. It is therefore unnecessary to address whether Dr. Rodriguez-Chevres was qualified to testify as an

expert or whether the expert testimony would have been admissible at trial under TEX.R.EVID. 702. We overrule Issues One and Two.

*Deficient Performance on Appeal*

In his third issue, Appellant asserts that his appellate attorney[1] rendered ineffective assistance of counsel during the direct appeal because he failed to complain that trial counsel was ineffective because: (1) he failed to present the testimony of an expert witness on the psychology of memory; (2) he failed to present favorable character witnesses; (3) his cross-examination of Susan Schanne-Knoblach had the effect of bolstering the testimony of the child victim; and (4) he failed to preserve error related to the exclusion of a letter from the child's mother to Appellant.

A defendant has a constitutional right to effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Ex parte Coy*, 909 S.W.2d 927, 928 (Tex.Crim.App. 1995). A claim of ineffective assistance of counsel on appeal is reviewed under the *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); *Ex parte Lozada-Mendoza*, 45 S.W.3d 107, 109 (Tex.Crim.App. 2001). Appellate counsel does not have a constitutional duty to raise every non-frivolous issue requested by his client. *Jones v. Barnes*, 463 U.S. 745, 754, 103 S.Ct. 3308, 3314, 77 L.Ed.2d 987 (1983). A reviewing court must not second-guess counsel's reasonable professional judgments about how to prosecute the appeal. *Id*., 463 U.S. at 754, 103 S.Ct. at 3314. The attorney who represented Appellant on direct appeal was not called to testify at the writ hearing.

*Strickland* requires the defendant to show both that counsel's performance was deficient and that this deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To demonstrate that appellate counsel was constitutionally ineffective for failing

---

[1] Appellant was represented by a different attorney on appeal.

to raise a particular point of error or issue on appeal, the defendant must first prove that counsel's decision not to raise the issue was objectively unreasonable. *Robbins*, 528 U.S. at 285, 120 S.Ct. at 764; *Ex parte Miller*, 330 S.W.3d 610, 623 (Tex.Crim.App. 2009). If the defendant succeeds in making such a showing, he then must demonstrate prejudice by establishing there is a reasonable probability that, but for his counsel's unreasonable failure to file a brief raising the issue, he would have prevailed on his appeal. *Id.*, 528 U.S. at 285-86, 120 S.Ct. at 764; *Ex parte Miller*, 330 S.W.3d at 623.

Appellant has failed to carry his burden of establishing that appellate counsel's failure to raise these four issues on appeal was objectively unreasonable or that he would have prevailed on direct appeal had these issues been presented. To succeed on appeal, Appellant would have been required to rebut the presumption that trial counsel's conduct falls within the wide range of reasonable, professional assistance, and that, under the circumstances, the challenged action might be considered sound trial strategy. Appellant has failed to make this showing because the record is silent with regard to trial counsel's strategy and Appellant has failed to show that these issues involve conduct so outrageous that no competent attorney would have engaged in it. For this reason alone, Appellant's claim of ineffective assistance of counsel on appeal fails. Issue Three is overruled. Having overruled each issue of the issues presented, we affirm the judgment of the trial court denying habeas corpus relief.

March 12, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)