RECEIVED IN
COURT OF CRIMINAL APPEALS

August 21, 2014

ABEL ACOSTA, CLERK

WR-80,957-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/20/2014 4:57:27 PM
Accepted 8/21/2014 9:06:58 AM
ABEL ACOSTA
CLERK

No. WR-80,957-02

## IN THE COURT OF CRIMINAL APPEALS

| | |
|---|---|
| Ex parte Andres EnriqueCantu, | ) TC #CR-730-09-C(1) |
| | ) 139th District Court |
| Applicant | ) Hidalgo County, Texas |
| | ) |

## MOTION FOR REHEARING and RECONSIDERATION

To the Honorable Court of Criminal Appeals:

Now comes the Applicant and moves the Court to set aside the judgment of dismissal rendered and entered herein on the 20th day of August, 2014, and grant a rehearing of this cause, for the following reasons, to wit: the dismissal was the result of a legal error. Applicant states that the name of the opposing counsel in this cause is Luis Gonzalez, whose office is at the 100 N. Closner Blvd., Edinburg, Hidalgo County, Texas 78539.

Argument and authorities in support of this Motion for Rehearing are attached hereto and made a part hereof.

MOTION DENIED
DATE: 1-5-15
BY: _____

**ELECTRONIC RECORD**

Respectfully Submitted,

*Margaret Schmucker*

Margaret Schmucker
Attorney for Defendant
Texas Bar No. 24030874

Law Office of Margaret Schmucker
2301 S. Lakeline Blvd., Suite 800-53
Cedar Park, Texas 78613

Phone: (512) 236-1590
Fax: (877) 465-7066
E-Mail: M.Schmucker@AppellateCourtLaw.com

## CERTIFICATE OF SERVICE

I, Margaret Schmucker, attorney of record for Applicant Andres Enrique Cantu hereby certify that a true and correct copy of this motion and the motion for rehearing and reconsideration together with written arguments and authorities attached thereto have been delivered to the opposing party, Michael Morris, by posting, certified mail, to his address, 100 Closner Blvd., Edinburg, Texas, 78539, this the 21st day of August, 2014.

Respectfully Submitted,

*Margaret Schmucker*

Margaret Schmucker
Attorney for Defendant

2

# ARGUMENT AND AUTHORITIES ON MOTION FOR REHEARING

## Argument

The Court incorrectly held that multiples grounds have been raised on a single page in violation of Texas Rule of Appellate Procedure 73.1.[1]

## Authorities

It is well-settled "that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal." *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998), quoting *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App.1991); *see Ex parte Groves*, 571

---

[1] Texas Rule of Appellate Procedure 73.1 provides in relevant part:

73.1. Form of Application in Felony Case (other than Capital)
(a) Prescribed Form. An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.

Cantu filed his Writ Application in 2012. At that time, the September 1, 2012, version of the Writ Application was the most current. The preliminary instructions on that form stated:

(17) Beginning on page 6, state concisely every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.
    If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

3

S.W.2d 888, 890 (Tex. Crim. App.1978) (habeas corpus does not lie as a substitute for an appeal).[2] Thus, claims involving a violation of procedural statutes cannot be asserted via habeas corpus. *Ex Parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989) ("[t]raditionally, habeas corpus is available only to review jurisdictional defects ... or denials of fundamental or constitutional rights.") (citations omitted). Indeed, even a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal. *Ex parte Gardner*, 959 S.W.2d at 191.

That said, an ineffective assistance of trial or appellate counsel claim is judged under the familiar two-pronged *Strickland* standard which requires proof of (1) deficient performance by counsel and (2) prejudice to the substantial rights of the defendant. *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S.Ct. 2052 (1984); *Ex parte Lozada–Mendoza*, 45 S.W.3d 107, 109 (Tex. Crim. App. 2001). *See also* U.S. Const. Amend. VI; Texas Constitution, Art. 1 § 10.

In order to satisfy the "deficient performance" prong of the *Strickland* standard it is thus necessary to allege and prove the existence of some

---

[2] Although *Ex parte Gonzales*, 667 S.W.2d 932, 935 (Tex. App. 1984), purports to acknowledge and exception to this rule where double jeopardy is raised, this exception does not seem to apply where the double jeopardy defect could have been raised on direct appeal but was not. *Ex parte Gardner*, 959 S.W.2d at 191 (even constitutional claims can be defaulted).

underlying error of arguable or colorable merit apparent on the face of the record which was not asserted by trial counsel, or cognizable on direct appeal but not raised by appellate counsel. *Cf. Hooks v. Roberts*, 780 F.2d 1196 (5th Cir. 1973), cert. denied, 414 U.S. 1163 (1974) (to prove ineffective assistance of appellate counsel habeas applicant must show the existence of trial errors with arguable or colorable merit); *Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009) (applicant proves ineffective assistance of appellate counsel if he demonstrates that defaulted claim has "indisputable merit under well-settled law and would necessarily result in reversible error").

Applicant's writ form thus properly alleged meritorious constitutional claims which should have been raised at trial and then on direct appeal but were not *as a necessary part of his ineffective assistance of counsel claims* and not as "multiple grounds" improperly "raised on a single page." For example, Ground Three alleges ineffective assistance of counsel for failing to assert a meritorious due process claim arising out of the District Court's violation of a state procedural rule during sentencing, *i.e.* Tex. Code Crim. Proc. Art. 37.07 § 3(a)(1) and (d), which could have been reviewed on direct appeal had it been properly preserved by objection and might now be deemed forfeit as an independent claim in state habeas proceedings. *Ex Parte Banks*, 769 S.W.2d at 540. Ground Four alleges

5

ineffective assistance of counsel for failing to assert a meritorious double jeopardy claim arising out of deficient jury instructions which allowed for a non-unanimous jury verdict which Could have been reviewed on direct appeal even without proper objection, *see Fergerson v. State*, 09-04-391 CR, 2006 WL 2075199 (Tex. App. July 26, 2006) (citing *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984) (op. on reh'g) and *Ex parte Smith*, 185 S.W.3d 455 (Tex. Crim. App. 2006) for the proposition that failure to object to jury charge error does not forfeit appellate review but does raise the standard of review), and might now be deemed forfeit as an independent claim in state habeas proceedings.[3] *Ex parte Gardner*, 959 S.W.2d at 191.

Because Cantu's ineffective assistance of counsel claims *required* him to plead and prove both the existence and legal merit of underlying trial error as a

---

[3] The procedural history of the underlying substantive claim is especially relevant here. On direct appeal Cantu's appellate counsel raised the following point of error:

> The trial court committed reversible error in submitting the charge to the jury without including separate unanimity instructions in the application paragraphs as to counts one and two.

Appellant's Brief at 41-45. The "unanimity" at issue in the appeal was unanimity as to the same, single, specific criminal act. The Court of Appeals overruled the error. Memorandum Opinion at 12-14. In a post-opinion motion for rehearing and reconsideration en banc, *new* appellate counsel argued that the complained-of jury instructions improperly allowed the jury to consider the allegations/ evidence regarding *both* victims for *both* counts which resulted in double jeopardy violations and allowed for the possibility of a non-unanimous jury verdict. The Court of Appeals refused to consider the unassigned charge error based on violations of the prohibitions against double jeopardy and a non-unanimous jury verdict and denied the petition for rehearing and reconsideration *en banc*.

6

part of those claims the Court of Criminal Appeals incorrectly held that Cantu had raised "multiple grounds" on a single page in violation of Texas Rule of Appellate Procedure 73.1. If counsel amends Cantu's writ application to separate the substantive underlying claims from the ineffective assistance of counsel claims as the dismissal order tacitly suggests should be done, he risks having the substantive underlying claims denied as forfeited without making a decision on the merits, and the ineffective assistance of appellate counsel claims in turn be denied for failure to prove the merits of the forfeited claims. The net effect of such a procedure would mean that, Cantu could never present his claims in a format sufficiently satisfactory to this Court to get his ineffective assistance of counsel claims considered and decided in this Court or in the federal courts on the merits.

## Conclusion and Prayer

Applicant respectfully, prays that this motion for rehearing or reconsideration be granted, the original opinion be withdrawn and the case be considered and decided on the merits taking into consideration Applicant's timely filed objections to the District Courts Findings of Fact and Conclusions of Law.

7

Respectfully Submitted,

*Margaret Schmucker*

Margaret Schmucker
Attorney for Defendant
Texas Bar No. 24030874

Law Office of Margaret Schmucker
2301 S. Lakeline Blvd., Suite 800-53
Cedar Park, Texas 78613

Phone: (512) 236-1590
Fax: (877) 465-7066
E-Mail: M.Schmucker@AppellateCourtLaw.com


## CERTIFICATE OF COMPLIANCE WITH TRAP 9.4

This document is not specifically subject to a type-volume limitation imposed by TRAP 9.4(I). Nevertheless, counsel advises that it contains 1,359 words. This document has been prepared in a proportionally spaced computer generated typeface using Times New Roman in 14 point Roman type for the body of the document and 12 point Roman type for the footnotes.

Respectfully Submitted,

*Margaret Schmucker*

Margaret Schmucker
Attorney for Defendant
August 20, 2014

8