WR-80,826-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/31/2014 12:47:42 PM
Accepted 7/31/2014 1:12:33 PM
ABEL ACOSTA
CLERK

No. WR-80,826-02

IN THE COURT OF CRIMINAL APPEALS

|  |  |  |
|---|---|---|
| Ex parte Quirino Machin Sanchez, | ) | TC #CR-1624-10-J(1) |
|  | ) | 430th District Court |
| Applicant | ) | Hidalgo County, Texas |
|  | ) |  |

*denied*
*1-28-15*
*pc*

## MOTION FOR REHEARING and RECONSIDERATION

To the Honorable Court of Criminal Appeals:

Now comes the Applicant and moves the Court to set aside the judgment of dismissal rendered and entered herein on the 30th day of July, 2014, and grant a rehearing of this cause, for the following reasons, to wit: the dismissal was the result of a legal error. Applicant states that the name of the opposing counsel in this cause is Luis Gonzalez, whose office is at the 100 N. Closner Blvd., Edinburg, Hidalgo County, Texas 78539.

Argument and authorities in support of this Motion for Rehearing are attached hereto and made a part hereof.

**ELECTRONIC RECORD**

Respectfully Submitted,

*Margaret Schmucker*

Margaret Schmucker
Attorney for Defendant
Texas Bar No. 24030874

Law Office of Margaret Schmucker
2301 S. Lakeline Blvd., Suite 800-53
Cedar Park, Texas 78613

Phone: (512) 236-1590
Fax: (877) 465-7066
E-Mail: M.Schmucker@AppellateCourtLaw.com

## CERTIFICATE OF SERVICE

I, Margaret Schmucker, attorney of record for Applicant Quirino Machin Sanchez hereby certify that a true and correct copy of this motion and the motion for rehearing and reconsideration together with written arguments and authorities attached thereto have been delivered to the opposing party, Luis Gonzalez, by posting, certified mail, to his address, 100 Closner Blvd., Edinburg, Texas, 78539, this the 31st day of July, 2014.

Respectfully Submitted,

*Margaret Schmucker*

Margaret Schmucker
Attorney for Defendant

## ARGUMENT AND AUTHORITIES ON MOTION FOR REHEARING

### Argument

The Court incorrectly held that multiples grounds have been raised on a single page in violation of Texas Rule of Appellate Procedure 73.1.[1]

### Authorities

It is well-settled "that the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal." *Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998), quoting *Ex parte Goodman*, 816 S.W.2d 383, 385 (Tex. Crim. App.1991); *see Ex parte Groves*, 571

---

[1] Texas Rule of Appellate Procedure 73.1 provides in relevant part:

73.1. Form of Application in Felony Case (other than Capital)
(a) Prescribed Form. An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.

Sanchez filed his Writ Application in 2012. At that time, the September 1, 2012, version of the Writ Application was the most current. The preliminary instructions on that form stated:

(17) Beginning on page 6, state concisely every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.
If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

S.W.2d 888, 890 (Tex. Crim. App. 1978) (habeas corpus does not lie as a substitute for an appeal). Thus, even a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal. *Ex parte Gardner*, 959 S.W.2d at 191.

That said, an ineffective assistance of *appellate* counsel claim is judged under the familiar two-pronged *Strickland* standard which requires proof of (1) deficient performance by counsel and (2) prejudice to the substantial rights of the defendant. *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S.Ct. 2052 (1984); *Ex parte Lozada–Mendoza*, 45 S.W.3d 107, 109 (Tex. Crim. App. 2001). *See also* U.S. Const. Amend. VI; Texas Constitution, Art. 1 § 10. In order to satisfy the "deficient performance" prong of the *Strickland* standard as it relates to an ineffective assistance of appellate counsel claim raised in a habeas proceeding it is thus necessary to allege and prove the existence of some underlying error of arguable or colorable merit apparent on the face of the record which was not raised on direct appeal. *Cf. Hooks v. Roberts*, 780 F.2d 1196 (5th Cir. 1973), cert. denied, 414 U.S. 1163 (1974) (to prove ineffective assistance of appellate counsel habeas applicant must show the existence of trial errors with arguable or colorable merit); *Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009) (applicant proves ineffective assistance of appellate counsel if he demonstrates that defaulted claim has "indisputable merit under well-settled law

4

and would necessarily result in reversible error").

Applicant's writ form thus properly alleged meritorious constitutional claims which should have been raised on direct appeal but were not *as a necessary part of his ineffective assistance of appellate counsel claims* and not as "multiple grounds" improperly "raised on a single page." For example, Ground Two alleges ineffective assistance of appellate counsel for failing to assert a meritorious procedural due process / open courts claim which should have been raised on direct appeal and as a consequence would be deemed forfeited as an independent claim. *Ex parte Gardner*, 959 S.W.2d at 191. Ground Three alleges ineffective assistance of appellate counsel for failing to assert a meritorious *Brady*[2] claim which should have been raised on direct appeal and as a consequence may be deemed forfeited as an independent claim. *Ex parte Gardner*, 959 S.W.2d at 191. Ground Four alleges ineffective assistance of appellate counsel for failing to assert a meritorious Confrontation Clause claim which should have been raised on direct appeal and as a consequence would be deemed forfeited as an independent claim. *Ex parte Gardner*, 959 S.W.2d at 191. Ground Six alleges ineffective assistance of appellate counsel for failing to challenge the District Court's order denying Sanchez's motion to suppress his statements to police as violating *Miranda*

---

[2] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963)

5

requirements which should have been raised on direct appeal and as a consequence may be deemed forfeited as an independent claim. *Ex parte Gardner*, 959 S.W.2d at 191. Ground Seven alleges ineffective assistance of appellate counsel for failing to challenge the District Court's refusal to suppress evidence obtained following the unlawful stop and search of the tractor trailer which should have been raised on direct appeal and may be deemed forfeited as an independent claim in state habeas, *Ex parte Gardner*, 959 S.W.2d at 191, and would be barred from review as an independent claim in federal habeas by *Stone v. Powell*, 428 U.S. 465 (1976) (Where the state has provided an opportunity for full and fair litigation of a fourth amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.) And Ground Eight alleges ineffective assistance of appellate counsel in failing to raise a sufficiency of the evidence claim on direct appeal which may be deemed forfeited as an independent claim in habeas. *Ex parte Gardner*, 959 S.W.2d at 191.

Because Sanchez's ineffective assistance of appellate counsel claims *required* him to plead and prove both the existence and legal merit of underlying trial error not raised on direct appeal as a part of those claims, the Court of Criminal Appeals incorrectly held that Sanchez had raised "multiple grounds" on

6

a single page in violation of Texas Rule of Appellate Procedure 73.1. If counsel amends Sanchez's writ application to separate the substantive underlying claims from the ineffective assistance of appellate counsel claims as the dismissal order tacitly suggests should be done, then the substantive underlying claims would be denied as forfeited without making a decision on the merits, and the ineffective assistance of appellate counsel claims would in turn be denied for failure to prove the merits of the forfeited claims. The net effect of such a procedure would mean that, Sanchez could never present his claims in a format sufficiently satisfactory to this Court to get his ineffective assistance of appellate counsel claims considered and decided in this Court or in the federal courts on the merits.

## Conclusion and Prayer

Applicant respectfully, prays that this motion for rehearing or reconsideration be granted, the original opinion be withdrawn and the case be considered and decided on the merits taking into consideration Applicant's timely filed objections to the District Courts Findings of Fact and Conclusions of Law which were not transmitted to the Clerk of the Criminal Appeals with the Writ Application file.

Respectfully Submitted,

_Margaret Schmucker_

Margaret Schmucker
Attorney for Defendant
Texas Bar No. 24030874

Law Office of Margaret Schmucker
2301 S. Lakeline Blvd., Suite 800-53
Cedar Park, Texas 78613

Phone: (512) 236-1590
Fax: (877) 465-7066
E-Mail: M.Schmucker@AppellateCourtLaw.com

## CERTIFICATE OF COMPLIANCE WITH TRAP 9.4

This document is not specifically subject to a type-volume limitation imposed by TRAP 9.4(I). Nevertheless, counsel advises that it contains 1,400 words. This document has been prepared in a proportionally spaced computer generated typeface using Times New Roman in 14 point Roman type for the body of the document and 12 point Roman type for the footnotes.

Respectfully Submitted,

_Margaret Schmucker_

Margaret Schmucker
Attorney for Defendant
July 31, 2014

8